PREFORMED LINE PRODUCTS COMPANY, Appellant,

v.

Robert C. WATSON, Commissioner of Patents, Appellee.

No. 13938.

United States Court of Appeals District of Columbia Circuit.

Argued March 19, 1958.

Decided June 26, 1958.

Petition for Rehearing Denied Sept. 4, 1958.

Mr. Patrick H. Hume, Chicago, Ill., with whom Mr. C. Willard Hayes, Wash-

ington, D. C., was on the brief, for appellant. Mr. George M. Sirilla, Washington, D. C., also entered an appearance for appellant.

Mr. George C. Roeming, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing appellant's complaint in an action brought under 35 U.S.C. § 145 (1952), asking the issuance of a patent.

Appellant is the assignee of one Peterson, who had applied for a patent entitled "Helically-Preformed Wire Envelope and Methods of Use." The original application was given Serial No. 698,312, and subsequently a second, or "continuation-in-part," application (Serial No. 2200) was filed. Certain claims were allowed in the Patent Office and others were denied there on Moxham patent No. 337,513 and on prior art. With reference to certain other claims (26, 27, and 31 of application No. 698,312 and 27 and 28 of application No. 2200), interference was declared between appellant's application and that of one Bodendieck. This interference proceeding was decided in Bodendieck's favor.

Appellant then gave notice of an appeal to the Court of Customs and Patent Appeals from the decision in the interference proceeding. Prior to the time of the filing of the formal petition and the forwarding of the transcript of record to that court, Bodendieck filed a disclaimer in favor of appellant. Thereupon appellant moved the Commissioner of Patents to vacate the decision award-

ing priority to Bodendieck but the Commissioner denied this motion.[1]

Upon the final denial of appellant's claims (including those involved in the interference proceedings), the present proceeding was instituted in the District Court.

The District Court, after an extensive hearing, in an oral opinion found in favor of appellee, and, upon the filing of findings of fact and conclusions of law, the complaint was dismissed on its merits. This appeal followed.

The District Court held that, in the absence of a perfected appeal to the Court of Customs and Patent Appeals, the nonvacated decision of the Board of Interference Examiners became a final judgment and, as to the claims involved in the interference proceedings, this was *res judicata*. In the District Court the Patent Office had relied solely on the doctrine of *res judicata* as to those claims. The District Court went further, however, and stating that it would not "pitch this case upon that point alone" held that as to all the claims there was no novelty shown—that they were taught by prior art, and that one skilled in the prior art "could certainly apply them."

The latter holding of the District Court was made notwithstanding the fact that counsel for the Patent Office advised the District Court at the outset that the issue of patentability *vel non* was not before the court. This may have lulled plaintiff-appellant into a sense of security on that issue. No issue of patentability *vel non* was argued to the District Court by the parties, nor was any evidence introduced on that issue. In the interest of justice, therefore, see 28 U.S.C. § 2106 (1952), we shall vacate conditionally the District Court's

---

1. The Commissioner ruled that after a notice of appeal to the Court of Customs and Patent Appeals has been given the Patent Office is without authority to dismiss the appeal, and that it is not the practice of the Patent Office to vacate the decision of the Board of Interference Examiners upon the filing of a concession of priority by the party who has been successful before the Board. The time for the perfection of the appeal in the Court of Customs and Patent Appeals has long since expired.

order.[2] Within sixty days appellant may apply to the District Court for a new trial based on a proffer of evidence on the issue of patentability. Denial by the District Court of such an application, or that court's action upon the record made at a new trial, if held, may be appealed to this court by the losing party, and upon such new appeal all issues raised may be considered anew, unprejudiced by the present appeal or its disposition. Should appellant not apply for a new trial as herein authorized the judgment of the District Court for appellee shall be reinstated.

So ordered.

---

2. We do not question the propriety of the District Court's action in raising, *sua sponte*, the issue of patentability *vel non*. Compare Hill v. Wooster, 1890, 132 U.S. 693, 698, 10 S.Ct. 228, 33 L.Ed. 502; Knutson v. Gallsworthy, 1947, 82 U.S. App.D.C. 304, 306–308, 164 F.2d 497, 499–501; Radtke Patents Corp. v. Coe,

1941, 74 App.D.C. 251, 122 F.2d 937. But we think that under all the circumstances here fairness called for a trial of the issue before the rendition of judgment.