**PREFORMED LINE PRODUCTS COM-PANY, Appellant**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 15270.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1960.

Decided June 9, 1960.

Mr. Patrick H. Hume, Chicago, Ill., with whom Messrs. C. Willard Hayes and George M. Sirilla, Washington, D. C., were on the brief, for appellant.

Mr. George C. Roeming, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from an order of the District Court denying appellant's motion for a new trial after our remand of the case on a previous appeal. Preformed Line Products Co. v. Watson, 103 U.S.App.D.C. 286, 257 F.2d 664, 665, certiorari denied 358 U.S. 945, 79 S.Ct. 352, 3 L.Ed.2d 351. We then vacated conditionally the judgment of the District Court of March 13, 1957, dismissing appellant's complaint under 35 U.S.C. § 145 (1958), which had sought issuance of a patent.

In the former case the District Court had rejected appellant's claims on two alternative grounds: first, it agreed with the Patent Office in holding that certain of appellant's claims were barred because of res judicata growing out of various proceedings in the Patent Office,[1] and that the other claims were barred because of lack of novelty; second, it held that all the claims before the court on the merits lacked the requisite novelty over the teaching of the prior art. Since, how-

---

1. Specifically the holding was that in the absence of a perfected appeal to the Court of Customs and Patent Appeals, the non-vacated decision of the Board of Interference Examiners adverse to appellant was a final judgment as to claims involved in the interference proceedings and therefore res judicata.

ever, the second or alternative holding of nonpatentability was not framed as an issue before the court at the outset of the proceeding, on remand of the case we ordered that the District Court's judgment be conditionally vacated "in the interest of justice," with permission given to appellant to apply within sixty days for a new trial "based on a proffer of evidence on the issue of patentability." After unsuccessful petitions for rehearing in this court and certiorari in the Supreme Court appellant moved within the proper time for a new trial in the District Court and that motion was denied.

Involved are applications [2] for a patent entitled "Helically Preformed Wire Envelope and Methods of Use." The applications disclose preformed helical (spiral) elements and certain kinds of tube-like metal structures which are produced from these helical elements. In various combinations and lengths depending on their purpose these preformed helices are used for the reinforcement, splicing, armoring and dead-ending of electrical transmission lines and other wires and cables.

The prior art upon which the District Court primarily relied in rejecting all of appellant's claims on the merits was a patent issued to one Moxham in 1886. That patent discloses the same basic helically preformed element as found in appellant's applications and a plurality of these preformed elements indefinite in length which could be useful as a traction cable for cable railways. In another form of the Moxham patent helically preformed elements of the same diameter and pitch could be assembled to form a hollow flexible tube.

■ Upon re-examination of the issue of the propriety of the District Court's action in raising and deciding the issue of patentability *vel non*, we conclude as we did in the prior appeal

that such action was authorized in law. Preformed Line Products Co. v. Watson, 103 U.S.App.D.C. at page 288, 257 F.2d at page 666 (footnote 2 and cases therein cited).

■ We think, moreover, that the findings of the District Court on the issue of patentability, both as to those claims in which it agreed with the Patent Office and also those where it ruled *sua sponte*, were justified. Differences appellant claims between the disclosures of the two patents are differences only of degree and use which would be obvious from Moxham to one having ordinary skill in the art. For instance, the claims upon which the District Court made *sua sponte* findings of unpatentability over Moxham were so-called "method claims." But these methods, mainly concerning the assembling of the preformed helical elements either to form a hollow tube or a tube over a core, suggest no significant advance from what would be obvious to one skilled in the art upon the disclosure of Moxham.

■ Finally, the proffer of evidence submitted by appellant in his motion for new trial and affidavit in support thereof, did not in the circumstances require the court to grant a new trial. Aside from his proffer of the prosecutional history of the Bodendieck patent [3] in the Patent Office, appellant offered only "expert testimony," unspecified as to source or content, to support his claim of patentability over Moxham. The possible relevance of the Bodendieck history was not shown and the proffer of expert testimony was in terms too general to require the grant of a new trial.

Since we find no error in the holding of the District Court on the issue of patentability over the prior art, and since all of appellant's claims on the merits were rejected by the District Court on the basis of the prior art, we need not rule on other questions raised.

2. Two applications are involved. Serial No. 698,312 and Serial No. 2,200. The latter is a continuation-in-part of the former. `

3. With reference to certain of appellant's claims an interference was declared in the Patent Office between appellant's applications and that of one Bodendieck.

The order of the District Court denying appellant's motion for a new trial is affirmed, and the judgment entered by the District Court in this cause on March 13, 1957, is reinstated.

It is so ordered.

Burger, J., dissented.