Harold W. **BALLEW** et al., Appellants,

v.

Robert C. **WATSON**, Commissioner of Patents, Appellee.

No. 16033.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 13, 1961.

Decided March 30, 1961.

————◇————

Mr. A. Yates Dowell, Jr., Washington, D. C., with whom Mr. A. Yates Dowell, Washington, D. C., was on the brief, for appellants.

Mr. George C. Roeming, Atty., United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee. Mr. Joseph Schimmel, Atty., United States Patent Office, also entered an appearance for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from a judgment of the District Court dismissing appellants' complaint filed under 35 U.S.C. § 145 (1958) to obtain reissue of a patent, No. 2,657,752, dated November 3, 1953, which had been granted to them for a "Magnetic Fishing Tool." The Patent Office Board of Appeals had previously affirmed the examiner's refusal to allow claims 7, 8, 9, 11, 18 and 19 of appellant's application for reissue.[1]

Requirements for reissue of a patent are as follows:

"Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue."[2]

At argument counsel for appellant advised this court that the case could be determined on the basis of claim 18 of the reissue application. Our discussion accordingly is related essentially to that claim.

1. Claims 1 through 6, of the reissue application, corresponding to claims 1 through 6 of the original patent, were al-lowed by the Patent Office and are not here involved.

2. 35 U.S.C. § 251 (1958).

The court held appellants were not entitled to a reissue patent on any of the claims not allowed because, among other reasons which are not necessary to be considered, the reissue application was for an invention different from that intended to be secured in the original patent. Parker & Whipple Co. v. Yale Clock Co., 123 U.S. 87, 97–99, 8 S.Ct. 38, 31 L.Ed. 100; and see Topliff v. Topliff, 145 U.S. 156, 12 S.Ct. 825, 36 L.Ed. 658. We think this conclusion is sound and is adequately supported by the evidence.

Both applications are concerned with a magnetic fishing tool for removing metallic objects which may lodge at the bottom of an oil well from time to time in the drilling operation. In such drilling metal pieces break off from the drilling tools or otherwise find their way into the hole. The problem is to recover these metallic articles which interfere with the continued drilling. The tool is secured to the end of the drill string and lowered into the well until the lower part of the fishing tool contacts bottom. Simply stated, the original patent then discloses that an electromagnet mounted within the tool is automatically energized and lifts the metallic objects by magnetism. Rather than attempt to retain retrieved objects by magnetic force alone, the tool as originally patented provided a basket, positioned immediately beneath the electromagnet, with fingers which in their normal position substantially close the open end of the basket. Into this basket the metallic objects are dropped when an upward movement automatically deenergizes the electromagnet. The tool is then drawn to the surface and the foreign material disposed of.

This basket feature was emphasized several times in the original patent. Thus, after stating that attempts to provide magnetic fishing tools had not enjoyed great success, the original pat-

ent application recites that this lack of success was attributed largely,

"to the fact that no efficient means has been provided for removing foreign material such as rock cuttings, mud or the like in the bottom of the well, or for moving the metallic objects toward the center of the well where it might be conveniently engaged and picked up by the fishing tool. Further, many of these prior art tools have attempted to retain the retrieved objects by magnetic force alone until removed to the surface with the result that the objects were frequently dislodged therefrom in the elevating operation necessitating repeating the operation until successful removal was accomplished."[3]

Accordingly, the patent provided means "for receiving and holding the metallic object after engagement therewith by the electromagnet," which, as stated, was a retaining basket, in which the object was retained "without necessity for maintaining the magnet energized until the surface is reached."

There is accuracy in the government's contention that the patent teaches that one of the reasons for lack of success of the prior art was that the earlier patents attempted to retain the retrieved objects by magnetic force alone. It was claimed that this defect was overcome by the provision of the basket and "related fingers" for receiving and holding metallic objects after being released by the magnet. It was not inadvertence or error that these features were included in the description of the patent as issued.

The basket feature was omitted from claim 18 in the reissue application. Thus the reissue claims are for a patent without the features of the basket which were emphasized in the original patent. This, as well as other changes,[4] quite

3. Application, Patent No. 2,657,752, page 1, lines 11–24, Serial No. 84,616, March 31, 1949, appearing at Joint Appendix 175.

4. The District Court found that,
"Claim 18 includes the limitation that fluid passes downwardly through the annular space between the magnet

materially broadened the area which would be covered if the reissue claims were allowed. Not only would the subject be opened to possible nonpatentability because of the prior art but a conflict would arise with the terms of the reissue statute that "no new matter shall be introduced into the application for reissue." For though here the "new matter" results from the removal of important limitations in the original patent the result is nevertheless to create newness by the difference achieved. In U. S. Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corp., it was said:

> "This court has uniformly held that the omission from a reissue patent of one of the steps or elements prescribed in the original, thus broadening the claims to cover a new and different combination, renders the reissue void, even though the result attained is the same as that brought about by following the process claimed in the original patent." [5]

 We think it follows from the foregoing that we have no basis for characterizing as clearly erroneous the finding of the District Court that the claims in the reissue application omitted essential elements of the original patent and were drawn to an invention different from that intended to be secured by the original patent. As the court continued, in the case of a reissue application matter not disclosed in the original patent is new matter and claims cannot properly be allowed if the omission was not due to error, inadvertence, accident or mistake or if drawn to an invention which was different from that intended to be secured in the original patent.

Appellants point out that the decision of the District Court is based on a

ground not adverted to in the Patent Office nor by its attorney until appellants had completed their testimony, notwithstanding the relevant facts had been before the Patent Office all along. It is said this weakens the presumption of correctness of the District Court decision. This may well be,[6] but we are nevertheless constrained to hold on the basis of our discussion in this opinion that the District Court reached the correct conclusion.

Affirmed.

---

and the casing to loosen and free the metallic particles from other material. This limitation is not disclosed in the original patent and is new matter in the reissue application."

5. 315 U.S. 668, 678, 62 S.Ct. 839, 845, 86 L.Ed. 1105. And see Huber v. N. O.

Nelson Mfg. Co., 148 U.S. 270, 290–292, 13 S.Ct. 603, 37 L.Ed. 447.

6. But cf. Preformed Line Prods. Co. v. Watson, 103 U.S.App.D.C. 286, 257 F. 2d 664, certiorari denied, 358 U.S. 945, 79 S.Ct. 352, 3 L.Ed.2d 351.